Robert V. Closson, Esq. (SBN 125646)
*bclosson@hirschclosson.com*
Christopher T. Hicks, Esq. (SBN 300462)
*chicks@hirschclosson.com*
HIRSCH CLOSSON, APLC
5030 Camino de la Siesta, Suite 300
San Diego, CA 92108
Telephone (619) 233-7006
Facsimile (925) 935-9825

Attorneys for Defendant SECURITY NATIONAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LYNN STERLING-NIZICH, TRUSTEE FOR THE SNIDER FAMILY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY NATIONAL INSURANCE COMPANY, a Delaware corporation,<br><br>Defendants. | CASE NO.: 8:24-cv-00580 FWS (KESx)<br><br>DEFENDANT SECURITY NATIONAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant, SECURITY NATIONAL INSURANCE COMPANY ("SNIC"), by and through its undersigned counsel, hereby answers Plaintiff DIANA LYNN STERLING-NIZICH, TRUSTEE FOR THE SNIDER FAMILY TRUST's ("Plaintiff") Complaint in the above-entitled action as follows:

1.    Paragraph 1 includes allegations pertaining to persons or organizations other than SNIC to which an answer is not required. To the extent and answer is required, SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 1, and on that basis denied them.

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

1

# THE PARTIES

2.    SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 2, and on that basis denies them.

3.    On information and belief, SNIC admits the allegations in Paragraph 3.

4.    On information and belief, SNIC admits the allegations in Paragraph 4.

5.    SNIC admits that it is a Delaware corporation with its principal place of business in New York.  Except as admitted herein, SNIC denies the allegations in Paragraph 5.

6.    Paragraph 6 includes allegations pertaining to persons or organizations other than SNIC to which an answer is not required.  To the extent an answer is required, then without admitting the veracity of any of the "acts complained of" alleged in Plaintiff's Complaint, SNIC admits that Plaintiff alleges that the "acts complained of" occurred in Riverside County within the jurisdiction of this Court. Except as admitted herein, SNIC denies the allegations in Paragraph 6.

# JURISDICTION

7.    Paragraph 7 sets forth a legal conclusion to which an answer is not required. To the extent an answer is required, on information and belief, SNIC admits that the allegations in Paragraph 7.

8.    Paragraph 8 sets forth a legal conclusion to which an answer is not required. To the extent an answer is required, on information and belief, SNIC admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the parties, as the Plaintiff is alleged to be a citizen of California and SNIC is a citizen of Delaware and New York for purposes of diversity jurisdiction.  Except as admitted herein, SNIC denies the allegations in Paragraph 8.

9.    Paragraph 9 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 9, and on that basis denies them.

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

2

10.     Paragraph 10 sets forth a legal conclusion to which an answer is not required. To the extent an answer is required, on information and belief, SNIC admits that this Court has supplemental jurisdiction over Plaintiff's related claims pursuant to 28 U.S.C. § 1367(a). Except as admitted herein, SNIC denies the allegations in Paragraph 10.

**VENUE**

11.     Paragraph 11 sets forth a legal conclusion to which an answer is not required. To the extent an answer is required, on information and belief, SNIC admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Except as admitted herein, SNIC denies the allegations in Paragraph 11.

12.     SNIC admits that it is a Delaware corporation with its principal place of business in New York, which at all relevant times was duly authorized to and engaged in the business of issuing insurance policies in the State of California. Except as admitted herein, SNIC denies the allegations in Paragraph 12.

13.     SNIC admits that it issued commercial general liability insurance policy no. NA154910703, effective May 16, 2021 to May 16, 2022 ("SNIC Policy"), to Armando Hernandez Carlos DBA Carlos General Construction ("Carlos") as the named insured, whose mailing address was located in Murrieta, California, which is within the Central District of California. Except as admitted herein, SNIC denies the allegations in Paragraph 13.

14.     SNIC admits that the SNIC Policy was intended to and did provide coverage to Carlos as specifically enumerated therein, subject to all limitations, endorsements and exclusions in the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 14.

15.     Paragraph 15 includes allegations pertaining to persons or organizations other than SNIC to which an answer is not required. To the extent an answer is required, then without admitting the veracity of any of the "alleged wrongful conduct forming the basis of the underlying action and judgment" alleged in Plaintiff's

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

3

Complaint, SNIC admits that Plaintiff alleges that the "alleged wrongful conduct forming the basis of the underlying action and judgment" occurred in Riverside County, which is within the Central District of California. Except as admitted herein, SNIC denies the allegations in Paragraph 15.

16.    Paragraph 16 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 16 as phrased, and on that basis denies them.

**THE SECURITY NATIONAL INSURANCE COMPANY POLICY**

*SNIC's Commercial General Liability Policy*

17.    SNIC admits that it issued the SNIC Policy to Carlos as the named insured with an effective date of May 16, 2021 to May 16, 2022. Except as admitted herein, SNIC denies the allegations in Paragraph 17.

18.    SNIC admits that the SNIC Policy provides a $1,000,000.00 Each Occurrence Limit and a $2,000,000.00 General Aggregate Limit (Other Than Products - Completed Operations), subject to a "bodily injury liability and/or property damage liability combined" per claim deductible of $1,000.00.  Except as admitted herein, SNIC denies the allegations in Paragraph 18.

19.    SNIC admits that the SNIC Policy was written on CGL form CG 00 01 12 07, which contains, among other things, the quoted language set forth on page 3, lines 8-15, of Paragraph 19, though Plaintiff's recitation of such language omits certain portions of the text as set forth fully in the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 19.

20.    SNIC admits that the SNIC Policy was written on CGL form CG 00 01 12 07, which contains, among other things, the quoted definitions set forth on pages 3:19 - 4:3 of Paragraph 20, though Plaintiff's recitation of such definitions all omit certain portions of the text as set forth fully in the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 20.

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

4

**THE UNDERLYING RIVERSIDE ACTION**

21.     SNIC admits the allegations in Paragraph 21.

22.     Without admitting the veracity of any of the allegations set forth in the underlying Riverside Complaint, SNIC admits that in the underlying Riverside Complaint, Plaintiff asserted causes of action against Carlos for negligence, negligent supervision, conversion, an accounting, violation of Business & Professions Code § 17200 *et seq.*, money had and received and breach of contract relative to alleged damages resulting from the work performed by Carlos and/or his subcontractor, Jose Ramirez ("Ramirez"), to the eight houses located at 4110 - 4120 Mennes Avenue, Riverside, California 92509 (collectively, "the Properties") pursuant to the contract entered into between Carlos and Plaintiff on October 5, 2021. Except as admitted herein, SNIC denies the allegations in Paragraph 22.

23.     SNIC denies the allegations in Paragraph 23.

24.     SNIC admits that Stacy Joel Safion, on behalf of Plaintiff, issued a letter to SNIC and Westgate Contractors Insurance Services ("Westgate") dated May 2, 2022, before the Riverside Action was filed, wherein Mr. Safion demanded that SNIC and/or Westgate agree to pay a specified sum for the purported damages to the Properties caused by Carlos and/or unspecified employees in order to avoid the subsequent filing of the Riverside Action. Except as admitted herein, SNIC denies the allegations in Paragraph 24.

25.     SNIC denies the allegations in Paragraph 25.

26.     SNIC admits that on May 3, 2022, Matt Pullman of Westgate sent an email to claims@btisinc.com which attached a copy of a letter from Mr. Safion to Carlos dated April 8, 2022, before the Riverside Action was filed, wherein Mr. Safion seeks reimbursement of $107,045.40 from Carlos. Except as admitted herein, SNIC denies the allegations in Paragraph 26.

27.     SNIC denies the allegations in Paragraph 27.

28.     SNIC admits that on November 2, 2022, Martel Lopez of AmTrust North

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

5

America, claims administrator for SNIC, sent an email to Mr. Safion which advised, among other things, that "Security National Insurance Company opened this claim as a result of a Request for Defense and Indemnification reported by your office, involving Armando Hernandez Carlos's work and/or services at the property located at 4110 - 4120 Mennes Ave. Riverside, CA 92509(Project)." Except as admitted herein, SNIC denies the allegations in Paragraph 28.

29.     SNIC admits that on November 7, 2023, a default judgment was entered joint and severally against Carlos and Ramirez and in favor of Plaintiff in the Riverside Action. Except as admitted herein, SNIC denies the allegations in Paragraph 29.

30.     SNIC admits that the Default Judgment entered in favor of Plaintiff in the Riverside Action on November 7, 2023 provides, among other things, that "The Snider Trust has suffered property damage in the amount of $2,033,088.04 as a result of the negligent acts of Hernandez Carlos and Jose Ramirez." Except as admitted herein, SNIC denies the allegations in Paragraph 30.

31.     SNIC admits that the Default Judgment entered in favor of Plaintiff in the Riverside Action on November 7, 2023 includes, among other things, the language quoted in Paragraph 31.  Except as admitted herein, SNIC denies the allegations in Paragraph 31.

## DEMAND LETTER IGNORED BY SNIC

32.     SNIC admits that James A. Lowe, Esq., on behalf of Plaintiff, issued a letter to SNIC dated February 22, 2024, which attached a copy of the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action and demanded that SNIC pay the amount of such Default Judgment with accrued interest. Except as admitted herein, SNIC denies the allegations in Paragraph 32.

33.     SNIC admits the allegations in Paragraph 33.

34.     SNIC admits the allegations in Paragraph 34.

35.     SNIC admits that it did not respond to Plaintiff's February 22, 2024

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

6

letter prior to Plaintiff filing the Complaint in this action. Except as admitted herein,
SNIC denies the allegations in Paragraph 35.

### SNIC'S BREACH - FAILURE TO INDEMNIFY CARLOS

36.    SNIC admits that it issued annual commercial general liability policies
to Carlos as the named insured effective May 16, 2018 through May 16, 2023. Except
as admitted herein, SNIC denies the allegations in Paragraph 36.

37.    SNIC admits that Insuring Agreement 1.a. in SECTION I -
COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILITY of the SNIC Policy provides, among other things, that SNIC "will pay
those sums that the insured becomes legally obligated to pay as 'damages' because
of 'bodily injury' or 'property damage' to which this policy applies[,]" and that SNIC
"will have the right and duty to defend the insured against any 'suit' seeking those
damages." Except as admitted herein, SNIC denies the allegations in Paragraph 37.

38.    SNIC admits the allegations in Paragraph 38.

39.    SNIC admits that it has not paid any portion of the underlying Default
Judgment awarded in favor of Plaintiff in the Riverside Action.  Except as admitted
herein, SNIC denies the allegations in Paragraph 39.

### FIRST CAUSE OF ACTION

### (Declaration of Duty to Indemnify)

40.    SNIC hereby incorporates its responses to Paragraphs 1 through 39
above as though fully set forth herein.

41.    Paragraph 41 sets forth a legal conclusion to which an answer is not
required.  To the extent an answer is required, SNIC lacks sufficient information or
belief to admit or deny the allegations in Paragraph 41, and on that basis denies them.

42.    SNIC admits the allegations in Paragraph 42.

43.    SNIC lacks sufficient information or belief to admit or deny the
allegations in Paragraph 43, and on that basis denies them.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

7

44.     SNIC admits that Insuring Agreement 1.a. in SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY of the SNIC Policy provides, among other things, that SNIC "will pay those sums that the insured becomes legally obligated to pay as 'damages' because of 'bodily injury' or 'property damage' to which this policy applies." Except as admitted herein, SNIC denies the allegations in Paragraph 44.

45.     SNIC admits that a Default Judgment was entered in favor of Plaintiff in the Riverside Action on November 7, 2023, which includes specific findings as set forth more fully therein.  Except as admitted herein, SNIC denies the allegations in Paragraph 45.

46.     SNIC denies the allegations in Paragraph 46.

47.     SNIC denies the allegations in Paragraph 47.

48.     SNIC admits that it maintains it has no obligation to indemnify Carlos, or Plaintiff as a judgment creditor, for the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action under the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 48.

49.     SNIC denies the allegations in Paragraph 49.

50.     SNIC denies the allegations in Paragraph 50.

51.     SNIC admits the allegations in Paragraph 51.

52.     SNIC admits that it disputes that it had, or has, a duty to pay the underlying Default Judgment entered in favor of Plaintiff in the Riverside Action under the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 52.

53.     Paragraph 53 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC denies the allegations in Paragraph 53.

54.     Paragraph 54 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC denies the allegations in

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

Paragraph 54.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

55.     SNIC hereby incorporates its responses to Paragraphs 1 through 54 above as though fully set forth herein.

56.     Paragraph 56 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 56, and on that basis denies them.

57.     SNIC admits the allegations in Paragraph 57.

58.     SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 58, and on that basis denies them.

59.     SNIC admits that Insuring Agreement 1.a. in SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY of the SNIC Policy provides, among other things, that SNIC "will pay those sums that the insured becomes legally obligated to pay as 'damages' because of 'bodily injury' or 'property damage' to which this policy applies." Except as admitted herein, SNIC denies the allegations in Paragraph 59.

60.     SNIC denies the allegations in Paragraph 60.

61.     SNIC denies the allegations in Paragraph 61.

62.     SNIC admits that it maintains it has no obligation to indemnify Carlos, or Plaintiff as a judgment creditor, for the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action under the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 62.

63.     SNIC denies the allegations in Paragraph 63.

64.     SNIC admits the allegations in Paragraph 64.

65.     SNIC denies the allegations in Paragraph 65.

66.     Paragraph 66 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC denies the allegations in

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

9

Paragraph 66.

## THIRD CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

67.    SNIC hereby incorporates its responses to Paragraphs 1 through 66 above as though fully set forth herein.

68.    Paragraph 68 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 68, and on that basis denies them.

69.    SNIC admits that it maintains it had, and has, no obligation to defend or indemnify Carlos, or Plaintiff as a judgment creditor, relative to the Riverside Action and/or the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action under the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 69.

70.    Paragraph 70 sets forth a legal conclusion to which an answer is not required.  To the extent an answer is required, SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 70, and on that basis denies them.

71.    Paragraph 71 sets forth a series of legal conclusions to which an answer is not required.  To the extent an answer is required, SNIC lacks sufficient information or belief to admit or deny the allegations in Paragraph 71, and on that basis denies them.

72.    SNIC denies the allegations in Paragraph 72.

73.    SNIC denies the allegations in Paragraph 73.

74.    SNIC admits that it maintains it has no obligation to indemnify Carlos, or Plaintiff as a judgment creditor, for the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action under the SNIC Policy. Except as admitted herein, SNIC denies the allegations in Paragraph 74.

75.    SNIC denies the allegations in Paragraph 75.

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

10

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions and Exclusion)

76.    Without admitting that SNIC had, or has, any duties to Carlos and/or Plaintiff under the SNIC Policy with respect to the claims at issue in the Complaint, or that the terms, conditions, exclusions and restrictions of insurance policies must be pleaded as affirmative defenses, SNIC alleges the terms, conditions, exclusions, restrictions, and endorsements of the SNIC Policy sued upon limit or preclude coverage for Plaintiff's claims in their entirety.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

77.    Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

78.    Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 337, 339 and/or 343.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

79.    Plaintiff's Complaint is barred, in whole or in part, by the Doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

80.    Plaintiff has waived any and all claims that may exist or have existed against SNIC.

/ / /

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

11

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

81.    Plaintiff is estopped from seeking the relief requested in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Coverage)

82.    The claims for which Plaintiff seeks recovery are barred, in whole or in part, by the terms, conditions, and/or exclusions contained in the SNIC Policies and/or by public policy or provisions of law.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Contractual Obligation to Provide Coverage)

83.    The claims for which Plaintiff seeks recovery are barred, in whole or in part, to the extent there was no contractual obligation to provide coverage under the SNIC Policy.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

84.    The claims for which Plaintiff seeks recovery are barred, in whole or in part, for failure to mitigate damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Obligations and Conditions Under the Policy)

85.    SNIC is informed and believes and thereon alleges, that coverage under the SNIC Policy issued to Carlos is barred to the extent that it, or any other person or organization who qualifies as an insured or third-party beneficiary thereunder, has failed to perform its obligations and comply with the terms, conditions and provisions of the SNIC Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean hands)

86    The claims for which Plaintiff seeks recovery are barred, in whole or in part, to the extent that the Doctrine of Unclean Hands applies.

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

12

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Share)

87.     In the event SNIC is found to have a duty to indemnify Carlos, or Plaintiff as a judgment creditor, for the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action, which SNIC does not concede, then SNIC's obligation to indemnify Plaintiff is limited to an equitable share of indemnity in conjunction with other insurers, additional insurers and/or related entities.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conditions Precedent and Subsequent)

88.     The claims for which Plaintiff seeks recovery are barred, in whole or in part, to the extent all conditions precedent and/or subsequent to any coverage and/or liability under the SNIC Policy has not been fulfilled as required.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Insurance)

89.     The claims for which Plaintiff seeks recovery are barred, in whole or in part, due to the existence of other insurance.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (SNIC Policy Exclusions)

90.     The claims for which Plaintiff seeks recovery are barred, in whole or in part, to the extent that the damages alleged in the Riverside Action and/or encompassed within the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action fall within one or more exclusions contained in the SNIC Policy, including without limitation the following:

j.      Damage To Property

"Property damage" to:

(1)     Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

13

for any reason, including prevention of injury to a person or damage to another's property;

(2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products- completed operations hazard".

k.    Damage To Your Product
"Property damage" to "your product" arising out of it or any part of it.

l.    Damage To Your Work
"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.    Damage To Impaired Property Or Property Not Physically Injured
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

14

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Limitation of Coverage to Business Description)

91.     The claims for which Plaintiff seeks recovery are barred, in whole or in part, to the extent the damages alleged in the Riverside Action and/or encompassed within the November 7, 2023 Default Judgment were caused by or otherwise resulted from the activities of Carlos and/or others on Carlos' behalf which are not included within the "business description" set forth in endorsement form 49-0117 07 11 entitled "Limitation of Coverage to Business Description" ("Business Description Endorsement") in the SNIC Policy. Specifically, the Business Description Endorsement modifies Insuring Agreement 1.b. of SECTION I - COVERAGE, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY of the SNIC Policy to provide that the SNIC Policy only applies if, among other thing, "The 'bodily injury' or 'property damage' is caused by or results from the business description in the Schedule [of the Business Description Endorsement]," which expressly does not include, among other things, "Structural demolition of an entire residence or commercial building."

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unreasonable Amounts)

92.     The claims for which Plaintiff seeks recovery are barred, in whole or in part, to the extent the amounts sought for indemnity are unreasonable.

/ / /

/ / /

/ / /

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

15

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Liability in Excess of Policy Limit / Per Occurrence Limit)

93.     SNIC understands that Plaintiff seeks to recover the full amount of the November 7, 2023 Default Judgment entered in favor of Plaintiff in the Riverside Action, in addition to other fees and costs, which amount significantly exceeds the applicable $1,000,000.00 Each Occurrence Limit under the SNIC Policy. SECTION III - LIMITS OF LIABILITY of the SNIC Policy expressly limits the amount of coverage to such amount, regardless of the number of insureds, suits filed or claimants bringing suits. Plaintiff's Complaint fails to identify any conduct on the part of SNIC which would enable them to recover any amount in excess of the applicable limit, nor is SNIC aware of any such conduct, and as such SNIC is informed and believes that Plaintiff's recovery, if any, is limited to the $1,000,000.00 Each Occurrence Limit of liability in the SNIC Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No "Occurrence" / Accident)

94.     The claims for which Plaintiff seeks recovery are barred, in whole or in part, to the extent any "property damage" allegedly caused by Carlos or others on Carlos' behalf which was the subject of the Riverside Action and/or the November 7, 2023 Default Judgment did not result (or could not have resulted) from an "occurrence," which the SNIC Policy further defines as an accident. Specifically, SNIC understands that the Riverside Action and the ensuing Default Judgment were predicated upon Plaintiff's claim that Carlos and/or Ramirez improperly demolished the Properties, which demolition activity could not have occurred accidentally and thus could not constitute a covered "occurrence" as that term is defined in the SNIC Policy.

/ / /

/ / /

/ / /

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

16

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation to Raise Additional Affirmative Defenses)

95.     Plaintiff's Complaint does not set forth sufficient facts to allow SNIC to determine all potential affirmative defenses, including defenses based upon the terms, conditions or exclusions of the SNIC Policy.  Accordingly, SNIC reserves the right to raise additional affirmative defenses when such information is ascertained through discovery or investigation at or before trial.

Wherefore, Defendant SNIC prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of their Complaint on file herein;

2.     That the Court enter judgment in favor of SNIC;

3.     That SNIC recover its costs of suit in connection herewith; and

4.     For such other and further relief as this Court may deem just and proper.

HIRSCH CLOSSON, APLC

DATED: April 11, 2024          By: _____
                                   Robert V. Closson, Esq.
                                   Christopher T. Hicks, Esq.
                                   Attorneys for Defendant,
                                   SECURITY NATIONAL
                                   INSURANCE COMPANY

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

ANSWER TO COMPLAINT

17